UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x

CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND,
EDUCATION AND TRAINING FUND and
OTHER FUNDS and JOHN A.
BRUNETTI, in his fiduciary capacity as
Trustee of the Cement and Concrete
Workers District Council Welfare Fund,
Pension Fund and Annuity Fund

and

ALEXANDER J. CASTALDI, as President
of the CEMENT AND CONCRETE
WORKERS DISTRICT COUNCIL and in
his fiduciary capacity as a Trustee of the
EDUCATION AND TRAINING FUND,

MEMORANDUM AND ORDER
09 - CV - 4892

Plaintiffs,

-against-

ATLAS CONCRETE CONSTRUCTION
CORP.,

Defendant.

------------------------------------------------x

GLASSER, United States Senior District Judge

## INTRODUCTION & BACKGROUND

Cement and Concrete Workers District Council Welfare Fund, Pension Fund,

Annuity Fund, Education and Training Fund and other funds (collectively, "Funds"),

John Brunetti in his capacity as trustee of the Cement and Concrete Workers District

1

Council Welfare Fund, Pension Fund and Annuity Fund and Alexander Castaldi in his capacity as fiduciary of the Education and Training Fund (collectively, "Plaintiffs") bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145 and Section 301 of the Labor Management Relations Act ("LMRA") against Atlas Concrete Construction Corp., ("Atlas" or "Defendant") for Atlas's failure to make required fringe benefit contributions to Plaintiffs' Funds. Before the Court is Plaintiffs' motion for summary judgment.

The Defendant has not opposed the summary judgment motion, and has signed, through counsel, a Stipulation of Admission of Material Facts that it is bound by two collective bargaining agreements it executed with the Plaintiffs. (Pls. 56.1 Statement, Ex. 1.) Defendant also stipulates that it owes the Funds delinquent payments in the amount of $44,317.31. (Id.) There being a stipulation as to liability,[1] the Court proceeds to an assessment of damages. Plaintiffs seek the principal amounts of the unpaid fringe benefit contributions, interest on the delinquent payments, liquidated damages, attorney's fees and costs.

## **DISCUSSION**

Title 29, Section 1145 of the United States Code states that:

---

[1] For the Funds to prevail on a claim of delinquent contributions, they must prove that: "(1) they are multiemployer plans within the definition of ERISA, (2) [Defendant] is an employer obligated to pay contributions under the terms of the plans, and (3) [Defendant] failed to pay contributions in accordance with said terms." N.Y. State Teamsters Conference Pension & Ret. Fund v. Syracuse Movers, Inc., 2004 WL 2931663 at *5 (N.D.N.Y. Nov. 22, 2004) (internal citations omitted). Here, the Defendant admitted the Funds are plans are "employee benefit plans with the meaning of ERISA," (Def. Answer, Document #10, ¶ 4) and that it was obligated to pay the contributions and failed to do so. (Pls. 56.1 Statement, Ex. 1.)

2

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Section 1132(g)(2) then provides a plaintiff seeking to enforce Section 1145 with several remedies against an employer who has failed to make its contractually obligated payments. It provides that a prevailing Plaintiff is entitled to the balance of the unpaid contributions, an award of interest, liquidated damages, reasonable attorney's fees and costs of the action. Id. These remedies are "mandatory . . . in any case in which a judgment in favor of the plan is awarded." Finkel v. Jones Lang LaSalle Americas, Inc., 2009 WL 5172869 at*3 (E.D.N.Y. Dec. 30, 2009) (internal quotation omitted); see also 29 U.S.C. § 1132(g)(2). Since Atlas stipulates it violated Section 1145, Plaintiffs are entitled to the aforementioned awards.

1. Unpaid Contributions

Both the Plaintiffs and the Defendant stipulate that the Defendant owes $44,317.31 in unpaid principal contributions for the audit periods in question. Plaintiffs are entitled to the unpaid contributions in that amount.

2. Interest

In calculating the interest award, Section 1132(g) provides: "[f]or purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."

29 U.S.C. § 1132(g). Here, the collective bargaining agreements provide for an interest rate of 18% a year on unpaid contributions. (Compl. Ex. A, p. 45, Ex. B, p.46.) The Plaintiffs have submitted a report calculating the interest owed on the delinquent contributions to be $16,049.86 through March 31, 2011. (Pl. 56.1 Statement, p. 4.) The Plaintiffs compute the interest payment based on an accrual date that begins at the end of each audit period. (Id. at 3-4.) While the Plaintiffs do not cite to the location in the record where the collective bargaining agreements set forth the date for the commencement of interest accrual, nor was the Court able to find such a provision, the Court notes that this computation of interest is less favorable to the Plaintiffs than a computation beginning from the date the payments became due. See DeVito v. Hempstead China Shop, Inc., 831 F.Supp. 1037, 1040-41 (E.D.N.Y. 1993). Nor is there any opposition from the Defendants concerning the Plaintiffs' interest computation. The Plaintiffs are entitled to $16,049.86 in interest for the period up to March 31, 2011, plus an additional $ 21.86 per day up to the date of judgment.

3. Liquidated Damages

Section 1132(g) also entitles the Plaintiffs to an additional award of interest ("double interest") on the unpaid contributions or liquidated damages provided by the plan, up to 20% of the unpaid contributions, whichever is greater. 29 U.S.C. § 1132(g)(2)(C). The collective bargaining agreements at issue provide for liquidated damages in the amount of 20% of the unpaid contributions, which yields an award in the amount of $8,863.46. (Compl. Ex. A, p. 45, Ex. B, p.46.) Here, the interest on the unpaid contributions ($16,049.86) is greater than 20% of the total amount of the

4

unpaid contributions, and therefore the Plaintiffs are entitled to an additional award of interest through the date of judgment in lieu of liquidated damages.

   4. Attorney's Fees and Costs

Plaintiffs also seek $5,731.25 in attorney's fees and costs in the amount of $420 for filing fees and process server fees. Both of these are recoverable under ERISA. See 29 U.S.C. 1132(g)(2)(D). While an award of reasonable attorney's fees and costs is mandatory in a delinquent contribution action such as this one, the "ultimate determination of a reasonable fee award under ERISA 'lies within the sound discretion of the district judge.'" Finkel v. Union Elevator Corp., 2011 WL 1655573 at *4 (E.D.N.Y. May 02, 2011) (quoting DeVito v. Hemstead China Shop, Inc., 831 F.Supp. 1037, 1043 (E.D.N.Y. 1993)).

A motion for attorney's fees must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). In determining the reasonableness of an attorney fee request, the court calculates the "lodestar" figure which is "the hours reasonably spent by counsel . . . multiplied by the reasonable hourly rate." Cruz v. Local Union No. 3 of In't Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (quotation omitted). The reasonable hourly rate is determined by reference to the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id.

Plaintiffs attach the affidavit of their attorney, Joseph Kaming ("Kaming"), which contains a contemporaneous log indicating the nature of the work he performed and the

Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (quotation omitted). The reasonable hourly rate is determined by reference to the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id.

Plaintiffs attach the affidavit of their attorney, Joseph Kaming ("Kaming"), which contains a contemporaneous log indicating the nature of the work he performed and the number of hours expended. The logs indicate that Kaming performed a total of 32.75 hours of work, a reasonable amount considering the nature of the action and the current stage of litigation. Kaming's hourly rate was $175 per hour, a rate at or below the current rate of attorneys in this market with his "multiple decades of experience in these matters." (Kaming Aff. ¶ 12.) Therefore, the Plaintiffs' are entitled to their requested attorney's fees in the amount of $5,731.25, which the Court finds to be reasonable. Plaintiffs are also entitled to costs in the amount of $420, comprising of $350 for the filing fee in this district, $40 for a filing fee with the New York Secretary of State and $30 for service of the complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is GRANTED, and they are awarded the following: unpaid contributions in the amount of $44,317.31; interest in the amount of $16,049.86 through March 31, 2011, plus an additional $21.86 per day up to the date of judgment; liquidated damages equal to the amount of interest above; attorney's fees in the amount of $5,731.25; and costs in the amount of $420.

Dated:     Brooklyn, New York
           July 15, 2011

SO ORDERED

S/ILG

I. Leo Glasser
United States Senior District Judge